**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DERREL L. THOMAS,**

       **Plaintiff,**

v.	                                                           Case No.  8:07-cv-2196-T-24TBM

**BROOKSVILLE POLICE
DEPARTMENT, et al.,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* Plaintiff's Affidavit of Indigency (Doc. 2), which the court construes as a motion to proceed *in forma pauperis.* Upon review, his un-notorized affidavit indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action. However, because I find that the Complaint is frivolous or fails to state a claim, I recommend that the court dismiss this action.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d

737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Plaintiff initiated this action by filing a Complaint for Injunctive Relief and Monetary Damages and Puniti[v]e Damages ("Complaint") (Doc. 1) against the Brooksville Police Department, a Brooksville Police officer, and an Assistant State Attorney in the State Attorney Office in Hernando County. At the same time, Plaintiff filed the instant Affidavit of Indigency (Doc. 2) and incorporated application to proceed *in forma pauperis*. In these pleadings, Plaintiff summarizes his action as a challenge to the constitutionality of a traffic stop that occurred on June 26, 2007, and his associated detention and prosecution. In his Complaint, Plaintiff identifies the parties and generally alleges that Hernando County is "working outside of the law." In each of the six Claims for Relief, Plaintiff asserts that actions of the Defendants constituted violations of various provisions of the United States and Florida Constitutions. Aside from these general assertions, the Complaint lacks any factual allegations to support such claims and is thus facially deficient.

Even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's action fails to state a cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). For these reasons, I recommend that the court DISMISS the Complaint (Doc. 1) and DENY without prejudice Plaintiff's application to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which will result in a dismissal of the action without further notice.

Respectfully submitted on this
7th day of January 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Susan C. Bucklew, United States District Judge
Pro se Plaintiff